DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Walter J. Westfall, Jr., appeals from the permanent injunction order of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Mr. Westfall operates an automobile sales establishment named Coyote Auto Sales, on the real property known as 3000-3004 Manchester Road in Coventry Township, Ohio, in Summit County. Coyote Auto Sales engages in used auto sales and reconditioning service.
 {¶ 3} On January 8, 2003, the Coventry Township Board of Trustees (the "Board"), and its Zoning Inspector, George Beckham, filed a complaint in the common pleas court against Mr. Westfall and Coyote Auto Sales. In the complaint, the Board claimed that Mr. Westfall and Coyote Auto Sales were "violating the Coventry Township Zoning Resolution by parking, storing and leaving unlicensed and inoperable vehicles, and keeping junk, trash, debris, scrap metal and automobile parts on the premises." The Board also asserted that these activities constituted a public nuisance. The complaint sought declaratory judgment, and an injunction to bring the property into compliance with the Zoning Resolution.
 {¶ 4} A pretrial hearing was held on April 21, 2003, and the matter was scheduled for trial. On July 15, 2003, the trial court issued a permanent injunction order pursuant to a bench trial held on June 27, 2003. The court found Mr. Westfall and Coyote Auto Sales to be in violation of the Coventry Township Zoning Resolution, and declared the premises a public nuisance. The court also ordered Westfall to remove all items from the premises which violate the Zoning Resolution and to remedy the nuisance, and enjoined Mr. Westfall from parking, storing, or leaving any vehicles on the premises which would violate the Zoning Resolution. It is from this permanent injunction order that Mr. Westfall now appeals.
 {¶ 5} Mr. Westfall timely appealed, asserting five assignments of error for review. We address Mr. Westfall's assignments of error together, for ease of review.
 II. First Assignment of Error
"The vehicles on the premises were stored on the commercial property for resale or recycling for profit of the business."
 Second Assignment of Error
"Defendant was not properly served and so was not prepared for defense [sic.]."
 Third Assignment of Error
"Plaintiff did not present issue of allowing fencing to be erected."
 Fourth Assignment of Error
"Accusations toward vehicles being dismantled in an open yard were brought to attention [sic.] of the court."
 Fifth Assignment of Error
"The trial court erred to the prejudice of defendant by not researching all the laws concerning the case before ruling on the case."
 {¶ 6} We observe that Mr. Westfall has failed to meet his burden of demonstrating the error on appeal, for the reasons that follow. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673.
 {¶ 7} App.R. 16 provides in pertinent part the following:
"(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
"* * *
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *" App.R. 16(A)(7). See, also, Loc.R. 7(A)(6).
 {¶ 8} In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(6) provides that an appellant's brief must separately discuss each assignment of error, "and shall include the standard of review applicable to that assignment of error." Furthermore, Loc.R. 7(E) specifically provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument."
 {¶ 9} Mr. Westfall has set forth five assignments of error that are neither substantiated by specific arguments, nor supported by citations to authorities or statutes. Particularly, Mr. Westfall sets forth different contentions in his assignments of error, some of which are mere statements of fact, without articulating the relation of these assertions to any authorities or ultimate error at the trial court level in this case. Additionally, Mr. Westfall fails to cite to those portions of the record necessary to substantiate his claims, and does not provide a standard of review as required by the Local Rules. Thus, Mr. Westfall has failed to meet his burden on appeal, and for this reason we decline to address his assignments of error.
 {¶ 10} Accordingly, Mr. Westfall's first, second, third, fourth, and fifth assignments of error are overruled.
 III. {¶ 11} Mr. Westfall's first, second, third, fourth, and fifth assignments of error are overruled. The permanent injunction order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., Slaby, J. concur